Jasen, J.
(dissenting). On September 7, 1971, defendant was indicted for the crimes of burglary in the third degree and petit larceny. Had the defendant gone to trial and been convicted for said crimes, the court could have imposed a sentence of up to seven years. Instead, on December 22, 1971, the defendant, represented by counsel, appeared before the Suffolk County Court and pleaded guilty to attempted burglary in the third degree, a Class E felony, as to the first count of *540 the indictment and in full satisfaction thereof. At the time of plea, the Suffolk County Court Judge promised the defendant that the sentence he would impose would run concurrently with another sentence for an unrelated crime soon to be imposed by the Nassau County Court, which the defendant was informed would be an indeterminate sentence, the maximum of which would be three years.
In the meantime, on January 28, 1972, the Nassau County Court had a change of heart and imposed a one-year sentence for the crime committed in Nassau. On February 29, 1972, the Suffolk County Court adhered to its previous commitment and sentenced defendant to an indeterminate term, the maximum not to exceed three years, to run concurrently with the January 28 sentence imposed upon him in Nassau County Court.
On this appeal, defendant contends that the Suffolk County • Court sentence should be vacated upon the ground that the court failed to “ honor its agreement” as to sentence made at the timé of plea. In effect, defendant claims that his Suffolk sentence should not have exceeded one year.
I cannot agree. While there is no question that a promise as to sentence had been arrived at in permitting defendant to plead guilty to a lesser crime of attempted burglary in the third degree, in full satisfaction of the indictment, an examination of the record discloses that such commitment was, in fact, kept. The Suffolk County Judge agreed to sentence the defendant to a term which would run concurrently, as opposed to consecutively, with the sentence to be imposed by the Nassau County Court, which the defendant admitted he was informed would be for an indeteminate term not to exceed three years. Thus, all that the Suffolk County Court promised the defendant was that the sentence to be imposed would run concurrently with the said Nassau sentence. The fact that the Nassau County Court had meted out a one-year sentence to defendant instead of the promised indeterminate three-year sentence, did not affect the previous agreement reached by the defendant and the Suffolk County Court at the time of plea that the indeterminate sentence to be imposed by the court would run concurrently with the Nassau sentence.
To accept defendant’s rationale, as the majority does, would mean that had the Nassau County Court suspended any sen- *541 ten.ce imposed, the Suffolk County Court would likewise he required to follow suit.
Since I cannot accept such a strained rationale, I would affirm the order of the Appellate Division.
Order reversed, etc.